IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TIMOTHY J CISLO, | ) | CIVIL NO. 17-00487 SOM/KJM |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION TO |
| | ) | DISMISS |
| vs. | ) | |
| | ) | |
| FORD N. FUCHIGAMI, in his | ) | |
| official capacity as | ) | |
| Director, Department of | ) | |
| Transportation, State of | ) | |
| Hawai`i, and as former Deputy | ) | |
| Director, Department of | ) | |
| Transportation Airports | ) | |
| Division, State of Hawai`i; | ) | |
| ROSS M. HIGASHI, in his | ) | |
| official capacity as Deputy | ) | |
| Director or former | ) | |
| capacities, Department of | ) | |
| Transportation Airports | ) | |
| Division, State of Hawai`i; | ) | |
| ROY SAKATA, in his | ) | |
| official capacity as the | ) | |
| Airport District | ) | |
| Manager for the Oahu District | ) | |
| Office of Department of | ) | |
| Transportation Airports | ) | |
| Division, State of Hawai`i; | ) | |
| ABIGAIL LAREAU, in her | ) | |
| official capacities for | ) | |
| Department of Transportation | ) | |
| Airports Division, State of | ) | |
| Hawai`i, Property Management | ) | |
| Section; and DEPARTMENT OF | ) | |
| TRANSPORTATION – AIRPORTS | ) | |
| DIVISION, STATE OF HAWAI`I, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING MOTION TO DISMISS**

I.        **INTRODUCTION.**

          This case arises out of a lease dispute at the Kalaeloa

Airport on Oahu, Hawaii.  Plaintiff Timothy Cislo asserts claims

under 42 U.S.C. § 1983 for violations of his equal protection and due process rights (Count I), as well as state-law claims of breach of contract--intended third party beneficiary (Count II), negligent misrepresentation (Count III), breach of contract--revocable permit (Count IV), and breach of the covenant of good faith and fair dealing (Count V). Cislo asserts these claims against the Department of Transportation, Airports Division, State of Hawai`i, as well as various employees in their official capacities only. Cislo seeks monetary damages for each of these counts, as well as injunctive relief.

The court grants Defendants' motion to dismiss Cislo's Complaint. Defendants have Eleventh Amendment immunity with respect to the claims seeking money damages asserted in the Complaint. Although Eleventh Amendment immunity does not reach the prayer for prospective injunctive asserted against the individual Defendants in their official capacities, the court rules that, because Cislo fails to allege what the individual Defendants did or could do such that their future conduct could be enjoined, injunctive relief is not available.

## II.      BACKGROUND.

On or about July 1, 1999, Defendant Department of Transportation, Airports Division, State of Hawai`i ("DOT-A"), assumed ownership, control, and operation of the John Rodgers Airfield on Oahu, which it renamed the Kalaeloa Airport. The

2

land on which Kalaeloa Airport sits was formerly owned by the United States Department of Defense, which transferred it to the DOT-A as surplus land. *See* Complaint ¶¶ 51-52, ECF No. 1, PageID # 13. Cislo says the quitclaim deed transferring the property required DOT-A to operate and maintain the airport for all civil aviation users on reasonable terms and without discrimination. *Id.* ¶ 11, PageID # 11.

Cislo alleges that, since receiving title to the land, DOT-A has received grants from the federal government that also require it to operate the Kalaeloa Airport for all civil aviation users, under reasonable terms and without discrimination. *Id.* ¶ 17, PageID # 6.

Cislo says the DOT-A has refused to give him a fair and reasonable noncommercial long-term lease, instead giving him only month-to-month revocable permits on two lots. *Id.* ¶¶ 20-21, 23, PageID # 7. For the last ten years, Cislo has been renting space at the Kalaeloa Airport. During that time, Cislo constructed a private hangar at a cost of about $250,000. *Id.* ¶ 160, PageID # 36. Cislo alleges that the DOT-A notified him in August 2017 that his monthly rent was being increased from $491.00 to $2,633.33 on one lot and from $193.67 to $292.21 on the other lot, effective October 1, 2017. *Id.* ¶¶ 25-26, 161, PageID #s 8, 36.

In connection with his application for a long-term lease, the Complaint alleges that Defendants arbitrarily demanded financial information that no other applicant was required to submit. *Id.* ¶ 117, PageID # 27.

Cislo sues Defendant Ford N. Fuchigami in only his official capacity. Fuchigami is described as the current Director of the Department of Transportation, State of Hawaii, and as the former Deputy Director or the Acting Deputy Director of DOT-A. *Id.* ¶ 2, PageID # 2. In reality, Fuchigami is no longer with DOT-A, but this court proceeds as if all references to Fuchigami (including in this order) apply to his successor.

Cislo alleges that Defendant Ross M. Higashi, sued only in his official capacity, is the Deputy Director of DOT-A and was otherwise employed by the DOT-A during relevant periods. *Id.* ¶ 3, PageID # 3.

Cislo alleges that Defendant Roy Sakata, sued only in his official capacity, is the Airport District Manager for the Oahu Office of DOT-A and was otherwise employed by the DOT-A during relevant periods. *Id.* ¶ 4, PageID # 3.

Cislo alleges that Defendant Abigail Lareau, sued only in her official capacity, was at relevant times employed by the DOT-A. *Id.* ¶ 5, PageID # 3.

III.     **MOTION TO DISMISS STANDARDS.**

     **A.    Rule 12(b)(1) Standard.**

          Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a complaint may be dismissed for lack of subject matter jurisdiction.  An attack on subject matter jurisdiction "may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  <u>Id.</u>  A factual attack, on the other hand, "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  Before this court is a facial attack.

          In deciding a Rule 12(b)(1) motion, a court must assume the facts alleged in the complaint to be true and must construe the allegations in the light most favorable to the nonmoving party.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  However, courts "do not accept legal conclusions in the complaint as true, even if 'cast in the form of factual allegations.'"  *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (quoting *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

**B.   Rule 12(b)(6) Standard.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of a complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. *See Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, the court may take judicial notice of and consider matters of public record without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell*, 266 F.3d at 988; *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*,
556 U.S. at 678.

**IV.        ANALYSIS.**

Cislo seeks money damages for alleged violations of 42
U.S.C. § 1983 and state law, as well as injunctive relief, which
he prays for in Count VI.  Injunctive relief is a remedy, not a
stand-alone cause of action.  *See Ramos v. Chase Home Fin.*, 810
F. Supp. 2d 1125, 1132 (D. Haw. 2011).  Accordingly, the court
dismisses the "injunctive relief claim" asserted in Count VI, but
will read the Complaint as seeking injunctive relief with respect
to each of the remaining counts.

Defendants' Motion to Dismiss Complaint, ECF No. 15,
argues that Defendants have Eleventh Amendment immunity with
respect to the money damage claims asserted in the Complaint.
Defendants contend that only requests for prospective injunctive
relief against individuals sued in their official capacities
survive the Eleventh Amendment, but that those requests cannot be
maintained because they are not supported by sufficient factual
allegations.  This court agrees and dismisses Cislo's Complaint.

**A.    The Eleventh Amendment Bars Cislo's Claims for Money Damages from DOT-A, as a State Agency, and the Individual Defendants Acting in their Official Capacities as State Employees.**

Cislo's written opposition entirely fails to address the Eleventh Amendment arguments raised in the motion to dismiss, at most saying, "[s]uch immunity is not absolute."  ECF No. 22, PageID # 172.  Cislo's opposition focuses on whether the claims are viable and contains no discussion of whether a state agency and its employees are immune from such claims.  Under the circumstances presented here, the Eleventh Amendment bars Cislo's claims for money damages from DOT-A or from any individual Defendant in that individual's official capacity.

Under the Eleventh Amendment, a state is immune from certain actions brought in federal court by her own citizens or citizens of other states.  *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 106 (1984).  Federal court actions against agencies or instrumentalities of a state are also barred by the Eleventh Amendment.  *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017).  Cislo alleges that DOT-A is an agency of the State of Hawaii and does not contest the agency's right to avail itself of Eleventh Amendment immunity.  *See* Complaint ¶ 6 ("Defendant DEPARTMENT OF TRANSPORTATION - AIRPORTS DIVISION . . . is an agency of the State of Hawai`i").

A suit against state officials in their official capacities is the same as a suit against the state itself and therefore is subject to the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"). Cislo asserts claims against Fuchigami, Higashi, Sakata, and Lareau in their official capacities as officials of the State of Hawaii. Cislo does not dispute that these individual Defendants sued in their official capacities may avail themselves of Eleventh Amendment immunity.

Unless a state unequivocally waives sovereign immunity or Congress exercises its power under the Fourteenth Amendment to override the immunity, the state, its agencies, and its officials (acting in their official capacities) are immune under the Eleventh Amendment from suit for money damages. *Will*, 491 U.S. at 66; *Pennhurst*, 465 U.S. at 99. Cislo's opposition did not claim that Hawaii has unequivocally waived its immunity from those claims or that Congress exercised its power under the Fourteenth Amendment to override that immunity. *See Will*, 491 U.S. at 66; *Pennhurst*, 465 U.S. at 99.

As this judge was walking into the hearing on the present motion, however, she received Cislo's Submission of Further Authority, which Cislo filed as his "SUPPLEMENT re

Judge's Inclination."  *See* ECF No. 28.  This so-called

"SUPPLEMENT" clearly violated the court's procedures relating to

its practice of issuing prehearing inclinations.  This court

clearly told the parties:

> The parties are reminded that, under Local
> Rule 7.4, they may not submit supplemental
> briefs (such as briefs addressing the
> inclination) unless authorized by the court.
> Supplemental declarations, affidavits, and/or
> other evidence in response to the court's
> inclinations are prohibited unless
> authorized by the court.  The parties are
> also reminded that they must comply with
> Local Rule 7.8 if they intend to rely on
> uncited authorities at the hearing.

ECF No. 27, PageID # 451.  It appears that Cislo decided to

address the immunity issue only after receiving the court's

inclinations stating that the court was inclined to rule that

Defendants had Eleventh Amendment immunity.

In so addressing Defendants' Eleventh Amendment

immunity, Cislo also violated Local Rule 7.8, which requires any

submission of uncited authority to be submitted no later than 4

days before a hearing.  By submitting a list of authorities as

the hearing was about to start, Cislo deprived the court and

opposing counsel of the opportunity to examine those authorities

before the hearing.

The thrust of Cislo's untimely submission of

authorities is that the State of Hawaii waived its Eleventh

Amendment immunity with respect to tort claims.  But the

authority cited does not stand for that proposition or has been superseded by statute. Ultimately, Cislo does not show that Hawaii lacks Eleventh Amendment immunity or has waived that immunity with respect to the § 1983 claims. *See Pennhurst*, 465 U.S. at 120 ("if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim"); *Pahk v. Hawaii*, 109 F. Supp. 2d 1262, 1267 (D. Haw. 2000) (holding that Hawaii is immune from § 1983 claims under Eleventh Amendment). Nor does Cislo show that Hawaii lacks Eleventh Amendment immunity with respect to his contract claims. *See Sharafeldin v. Maryland, Dep't of Pub. Safety & Corr. Servs.*, 94 F. Supp. 2d 680, 686 (D. Md. 2000) ("courts have concluded that actions for breach of a settlement agreement dismissing Title VII claims are actions which arise under state contract law and that no basis for federal jurisdiction exists for breach of such agreements because such actions are precluded by the Eleventh Amendment from being brought in federal court").

For example, Cislo cites *In re Holoholo*, 512 F. Supp. 889 (D. Haw. 1981), and sections 661-1 and 661-11 of Hawaii Revised Statutes for the proposition that the State of Hawaii has waived its Eleventh Amendment immunity in this case. In *Holoholo*, the plaintiffs brought a wrongful death action in federal court arising out of the sinking of a boat. *Holoholo*

examined sections 662-2 and -3, section 661-1, and section 661-11 of Hawaii Revised Statutes, concluding that those sections demonstrated an express waiver of the State of Hawaii's Eleventh Amendment immunity. *Id.* at 896-98.

Section 662-2 states: "The State hereby waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."

At the time *Holoholo* was decided, section 662-3 stated:

> The circuit courts of the State and, except where otherwise provided by statute or rule, the district courts shall have original jurisdiction of all tort actions on claims against the State, for money damages, accruing on and after July 1, 1957 for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the State while acting within the scope of his office or employment.

Hawaii's circuit and district courts are trial courts, with the state district courts having more limited jurisdiction. *Holoholo* rejected the state defendants' argument that section 662-3 waived sovereign immunity with respect to tort actions only in state courts, not federal courts. *Id.* at 896. *Holoholo* additionally determined that section 661-1 provided nonexclusive jurisdiction to state courts with respect to certain claims against the state,

and that section 661-11 provided the applicable statutory consent

to jurisdiction.  512 F. Supp. at 898.

>At the time, section 661-11 stated:
>
>This section applies to an action where
>(1) the State is a party defendant; (2) the
>subject matter of the claim is covered by an
>insurance policy entered into by the State or
>any of its agencies; and (3) chapter 662 does
>not apply.  No defense of sovereign immunity
>shall be raised in an action under this
>section.  However, the State's liability
>under this section shall not exceed the
>amount of, and shall be defrayed by, such
>insurance policy.
>
>An action under this section is not subject
>to the provisions of sections 661-1 to
>661-10.
>
>In 1984, the Hawaii legislature enacted Act 135, which

stated: "This Act is a response to the court's erroneous

interpretation of section 662-3, Hawaii Revised Statutes, in **In

re Holoholo**, 512 F. Supp. 889 (D. Haw. 1981)."  Act 135 amended

sections 661-1 and 662-3 to add the word "state" before "district

court" and was intended to clarify the intent of the statute:

>to expressly restate, reiterate, and declare
>the intent of the legislature in amending
>section 661-1 and 662-3, Hawaii Revised
>Statutes, in 1978 to extend jurisdiction to
>district courts in tort actions on claims
>against the State and certain other claims
>against the State, was originally and is now
>to extend jurisdiction for such actions and
>claims against the State to state district
>courts, and not to extend jurisdiction for
>such actions and claims to federal district
>courts.

Subsequent to passage of Act 135 by Hawaii's legislature, this district's federal courts have recognized that, although the State of Hawaii had consented to be sued in chapter 662 of Hawaii Revised Statutes with respect to torts asserted in state court, that consent did not operate as a waiver by the State of Hawaii of its Eleventh Amendment immunity in federal court. *See Doe ex rel. Doe v. State of Hawaii Dep't of Educ.*, 351 F. Supp. 2d 998, 1018 (D. Haw. 2004) ("Although the State of Hawaii generally waives liability of its sovereign immunity as to torts of its employees in the Hawaii State Tort Liability Act, H.R.S. ch. 662, this waiver only applies to claims brought in state courts and does not constitute a waiver of the State's Eleventh Amendment immunity."); *Bator v. Hawaii*, 1992 WL 690295, at *4 (D. Haw. May 20, 1992), 39 F.3d 1021 (9th Cir. 1994). In relying on *Holoholo*, Cislo is therefore relying on an outdated authority that has been overtaken by a statutory change and by subsequent decisions.

Cislo's reliance on section 661-1 with respect to his contract claims against the State of Hawaii is equally flawed. The statute, as amended by Act 135, states:

> The several circuit courts of the State and, except as otherwise provided by statute or rule, the several **state** district courts, subject to appeal as provided by law, shall have original jurisdiction to hear and determine the following matters, and, unless otherwise provided by law, shall determine

> all questions of fact involved without the
> intervention of a jury:
>
> (1) All claims against the State founded upon
> any statute of the State; upon any rule of an
> executive department; or upon any contract,
> expressed or implied, with the State, and all
> claims which may be referred to any such
> court by the legislature; provided that no
> action shall be maintained, nor shall any
> process issue against the State, based on any
> contract or any act of any state officer that
> the officer is not authorized to make or do
> by the laws of the State, nor upon any other
> cause of action than as herein set forth; and
>
> (2) All counterclaims, whether liquidated or
> unliquidated, or other demands whatsoever on
> the part of the State against any person
> making claim against the State under this
> part.

Haw. Rev. Stat. § 661-1 (emphasis added).  By adding the word,

"state" before "district courts," Act 135 clearly amended section

661-1 to provide a waiver of immunity only in state court, not in

federal court.  Thus, the State of Hawaii did not waive its

Eleventh Amendment immunity with respect to contract claims in

this court, only in state court.

Finally, this court turns to section 661-11, also cited

by Cislo as supporting the argument that he may seek money

damages against the State of Hawaii.  Section 661-11 states:

> (a) This section applies to an action where:
>
> (1) The State is a party defendant;
>
> (2) The subject matter of the claim is
> covered by a primary insurance policy entered
> into by the State or any of its agencies; and

(3) Chapter 662 does not apply.

> No defense of sovereign immunity shall be
> raised in an action under this section.
> However, the State's liability under this
> section shall not exceed the amount of, and
> shall be defrayed exclusively by, the primary
> insurance policy.

> (b) An action under this section shall not be
> subject to sections 661-1 to 661-10.

According to the 1971 Report of Committee on

Coordination of Rules and Statutes, vol. II, the revision of

section 661-11

> is limited to cases not covered by chapter
> 662.  When the section was enacted there was
> no general waiver of sovereign immunity in
> tort cases.  The revision causes section
> 661-11 to fill any gap remaining under
> chapter 662, if the State has insurance.

> A paragraph has been added to make it
> clear that an action under this section is
> not governed by the remainder of chapter 661.
> As shown by Act 253, L. 1955, this section
> was not enacted as a part of chapter 661.

Cislo raised section 661-11 without analyzing it in any

brief.  His oral discussion at the hearing did not establish that

the State of Hawaii unequivocally waived Eleventh Amendment

immunity.  First, section 661-11 applies only to tort claims.

Cislo asserts the tort of negligent misrepresentation in

Count III of the Complaint.  Cislo, however, does not demonstrate

that the negligent misrepresentation claim is covered by a

primary insurance policy.  Although the State of Hawaii conceded

at the hearing that it does have a primary insurance policy, it

is not clear from the record that the negligent misrepresentation claim is covered under the policy.  Moreover, section 661-11's reference to chapter 662 indicates that section 661-11 should be read in conjunction with chapter 662.  Because the State of Hawaii only consents to being sued in state court with respect to tort claims under chapter 662, and because the legislative history with respect to section 611-11 indicates that it is limited to tort claims not covered by chapter 662, it makes sense to view the State of Hawaii's waiver of sovereign immunity in section 661-11 as also limited to tort actions in state court.

This court concludes that the Eleventh Amendment bars Cislo's claim under § 1983 for money damages (Count I).  *See Mitchell v. Los Angeles Cmty. College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (holding that the Eleventh Amendment bars §§ 1981 and 1983 claims).  It also bars Cislo's state law claims seeking money damages.  *See*, *e.g.*, *Sherez v. State of Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1145 (D. Haw. 2005).  The Eleventh Amendment therefore bars all of the money damage claims asserted in the Complaint against the DOT-A or the individual Defendants acting in their official capacities.

Even if the negligent misrepresentation claim is excluded from chapter 662 of Hawaii Revised Statutes by section 662-15(4), which provides that chapter 662 shall not apply to "[a]ny claim arising out of assault, battery, false imprisonment,

18

false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights," and even if the court assumes that the State of Hawaii had a primary insurance policy covering the negligent misrepresentation claim, the court declines to exercise supplemental jurisdiction over the claim, given the dismissal of the § 1983 claim providing this court with jurisdiction.

Supplemental jurisdiction over state claims exists when a federal claim is sufficiently substantial to confer federal jurisdiction, and there is "a common nucleus of operative fact between the state and federal claims." *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (citing *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991)); *see also* 28 U.S.C. § 1367. This court may decline to exercise supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the state law claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367.

Supplemental jurisdiction is a doctrine of discretion, not of a plaintiff's right. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997); *United Mine Workers of Amer.*

*v. Gibbs*, 383 U.S. 715, 726 (1966); *Maltzman v. Friedman*, 103 F.3d 139 (9th Cir. 1996) ("the doctrine of supplemental jurisdiction is a flexible one, giving a district court the power to exercise supplemental jurisdiction over a claim and the discretion whether to exercise such jurisdiction").  When, as here, "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  *Gibbs*, 383 U.S. at 726.  Although the Supreme Court later noted that such a dismissal is not "a mandatory rule to be applied inflexibly in all cases," it also recognized that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

> **B.    The Eleventh Amendment Bars Injunctive Relief, With the Exception of Prospective Injunctive Relief Based on Alleged Violations of Federal Law With Respect to the State Officials Acting in their Official Capacities.**

As Defendants acknowledge, the Eleventh Amendment does not prevent Cislo from proceeding against the individual Defendants in their official capacities by seeking prospective injunctive relief for violations of federal law.  In *Ex parte*

20

*Young*, 209 U.S. 123 (1908), the Supreme Court recognized that a "suit challenging the constitutionality of a state official's action is not one against the State." *Pennhurst*, 465 U.S. 89, 103 (1983) (citing *Ex Parte Young*); *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016) ("Although sovereign immunity bars money damages and other retrospective relief against a state or instrumentality of a state, it does not bar claims seeking prospective injunctive relief against state officials to remedy a state's ongoing violation of federal law.").

Under the *Ex Parte Young* doctrine, a federal court may enjoin a state official's future conduct when a plaintiff brings suit alleging a violation of federal law, *Edelman v. Jordan*, 415 U.S. 651 (1974), but not when a plaintiff alleges a violation of state law. *Pennhurst*, 465 U.S. at 106 (stating that "when a plaintiff alleges that a state official has violated *state* law," then "the entire basis for the doctrine of *Young* . . . disappears"); *see also Will*, 491 U.S. at 71 n.10 ("a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the state'") (*quoting Kennedy v. Graham*, 473 U.S. 159, 167 n.14 (1985)); *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000) ("courts

have recognized an exception to the Eleventh Amendment bar for suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law"); *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992) ("the eleventh amendment bars suits in federal court, for both retrospective and prospective relief, brought against state officials acting in their official capacities alleging a violation of state law").

The *Ex Parte Young* doctrine is inapplicable when a claim is asserted against a state or a state agency, as opposed to against a state official. *See In Re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (stating that "agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court"); *Apisaloma v Hawaii*, 2009 WL 294551, *1 n.2 (D. Haw., Feb. 5, 2009) (noting that the *Ex Parte Young* exception is inapplicable in suits against states or state agencies). Accordingly, the only matter that survives the Eleventh Amendment bar is Cislo's request under § 1983 for prospective injunctive relief against the individual Defendants in their official capacities.

### C. Cislo Fails to Adequately Plead Any § 1983 Claim Seeking Prospective Injunctive Relief Against the Individual Defendants in Their Official Capacities.

This court now examines the only remaining claim, which is the portion of Count I seeking prospective injunctive relief to prevent violations of 42 U.S.C. § 1983 by the individual Defendants acting in their official capacities. This court dismisses that claim.

Section § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

For Cislo to succeed on his § 1983 claim, he must prove: "1) that a person acting under color of state law committed the conduct at issue, and 2) that the conduct deprived the claimant of some right, privilege or immunity protected by

23

the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988); *accord Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) ("To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law"). Cislo asserts that Defendants Fuchigami, Higashi, Sakata, and Lareau acted under color of state law, resulting in a violation of his federal constitutional equal protection and due process rights.

The Ninth Circuit requires plaintiffs to "allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Although the Complaint is 50 pages long and contains 234 paragraphs of allegations, it fails to allege what each individual Defendant did to deprive Cislo of his equal protection and/or due process rights.

The Complaint does allege the positions held by Defendants Fuchigami, Higashi, Sakata, and Lareau in the DOT-A. *See* Complaint ¶¶ 2-5, ECF No. 1, PageID #s 2-3. The Complaint also alleges that each of the individual Defendants is responsible for all of the actions alleged in the Complaint. For

example, Paragraph 32 alleges that Defendants Fuchigami, Higashi, Sakata and Lareau, under color of law, and on behalf of Defendant DOT-A, engaged in conduct that deprived Cislo of constitutional and other rights. *Id.*, PageID # 9. Similarly, paragraph 172 alleges, "Defendants FUCHIGAMI, HIGASHI, SAKATA and LAREAU, at all times relevant herein and with respect to all actions alleged above, purported to be[] acting under color of State law" for purposes of Cislo's § 1983 claim. These conclusory allegations are insufficient to notify any Defendant of what the Defendant personally did wrong. At best, paragraphs 146 and 147 allege that "Defendants FUCHIGAMI, HIGASHI, SAKATA and LAREAU, acting under color of law and on behalf of Defendant DOT-A, attended and participated in . . . meetings" regarding lease applications and standards used to evaluate applications. *Id.*, PageID # 33. But it is not clear how any deprivation of a constitutional right arose from attendance at a meeting. Because there are no factual allegations demonstrating who should be enjoined from what, the § 1983 claims are dismissed with leave to amend.

This court recognizes that Cislo may not possess all facts relevant to his claim. But, at a minimum, Cislo knows who sent him the letter raising his rent. In Paragraph 161 of the Complaint, Cislo alleges, "By letter dated August 25, 2017, Defendants advised Plaintiff of its intent to impose a rental increase for Lot JRF 820 120 from the current rate of $491.00, to

25

$2,683.33, per month, effective October 1, 2017." *Id.*, PageID
# 36. Cislo's general allegation that each Defendant
participated in every act complained of is belied by the copies
of the letters of August 25, 2017, which he attaches to his
opposition to the motion to dismiss. *See* ECF Nos. 22-8 and 22-9.
These letters are signed only by Higashi, although they are on
letterhead listing Fuchigami as the director of DOT-A. *Id.*
Cislo's blanket allegations are not adequate to support his
claims for prospective injunctive relief. A Defendant must be
informed of what action being taken by that Defendant Cislo is
seeking to enjoin.

The court dismisses Cislo's § 1983 claim(s) seeking
prospective injunctive relief against the individual Defendants
in their official capacities. The court, however, grants Cislo
leave to file an Amended Complaint asserting such claims. The
court cautions Cislo that any such Amended Complaint must comply
with Rule 8(a) of the Federal Rules of Civil Procedure. Cislo
should identify which Defendant needs to be enjoined from what
violation of federal law based on that particular Defendant's
conduct.

For example, if Cislo asserts a § 1983 claim based on a
violation of the Equal Protection Clause, Cislo should allege
facts identifying the relevant class to which he belongs, as well
as a similarly situated person outside his class who was treated

differently by a particular Defendant. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). "An equal protection claim will not lie by conflating all persons not injured into a preferred class receiving better treatment than the plaintiff." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (quotation marks and citation omitted). Instead, the groups must consist of "similarly situated persons so that the factor motivating the alleged discrimination can be identified." *Id.* If Cislo is proceeding on a "class-of-one" theory, which allows a plaintiff to assert an equal protection claim when the plaintiff alleges that he or she "'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment,'" *Engquist v. Ore. Dep't of Agric.*, 478 F.3d 985, 993 (9th Cir. 2007), *aff'd sub nom. Engquist v. Ore. Dep't of Agr.*, 553 U.S. 591 (2008) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 563) (2000) (per curiam), he should allege facts supporting such a theory.

Similarly, if Cislo asserts a § 1983 claim based on a violation of the Due Process Clause, he should make it clear whether he is asserting a substantive due process claim or a procedural one. If he is asserting a substantive due process violation, he should allege facts demonstrating that a challenged government action was "clearly arbitrary and unreasonable, having

no substantial relation to the public health, safety, morals, or general welfare." *Vill. of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926); *Hoeck v. City of Portland*, 57 F.3d 781, 786 (9th Cir. 1995), *as amended* (July 10, 1995).  If he is asserting a procedural due process violation, he should identify the constitutionally protected liberty or property interests at stake and should allege facts supporting a claim of lack of process.  *See Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008).

Similarly, before asserting a § 1983 claim based on a taking, Cislo should consider whether such a claim is ripe.  If a takings claim is asserted, Cislo should clearly identify the facts on which it is based.

**IV.     CONCLUSION.**

Defendants' motion to dismiss is granted.

Cislo is given leave to amend his Complaint consistent with this order.  Any Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, not be needlessly lengthy and repetitive.  Any Amended Complaint should clearly identify the claim(s) being asserted, the factual basis or bases for each claim, and the particular Defendant or Defendants against whom each claim is asserted.

Any Amended Complaint must be filed no later than January 12, 2018.  If no Amended Complaint is filed by that date,

the Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 22, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Cislo v. Fuchigami, et al.*, Civ. No. 17-00487 SOM/KJM; ORDER GRANTING MOTION TO DISMISS